referred or not is that declared in Spence v. Simis, 137 N. Y. 616, 33 N. E. 554, namely, that it must appear, either by affidavit or on the face of the pleadings, that the conclusion can fairly be drawn that there are so many separate and distinct items of account to be litigated on the trial that the jury cannot keep the evidence in mind in regard to those items, and give that evidence the proper weight and application when they retire to deliberate upon their verdict. In looking over the schedule annexed to the complaint, we do not think that there would be any difficulty in intelligent men with average memories being able to pass upon each one of the subjects of service in respect of which the plaintiff claims a right of recovery.

The order must be reversed, with $10 costs and disbursements, and the motion for a reference denied, with $10 costs.

---

### MENDOZA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

STREET RAILWAYS—SINGLE FARE—TRANSFERS.
    Allegations that on a certain date defendant railway company leased a certain railway, and on a later date, being the owner or lessee of two other roads, refused plaintiff a continuous trip over the three for one fare, does not show that the three roads were united by the same contract, and hence does not state a cause of action, under Railroad Laws, §§ 78, 104, authorizing a railway company to contract with any other company for the use of its railway, and requiring a corporation so contracting to give transfers, without extra charge, entitling passengers to a continuous trip on the railways embraced in the contract.

Appeal from special term, New York county.

Action by Coleman D. Mendoza against the Metropolitan Street-Railway Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
H. Huffman Browne, for respondent.

O'BRIEN, J. The action was brought to recover a penalty of $50 alleged to have been incurred by the defendant by its refusal to transfer the plaintiff as a passenger at the intersection of Columbus avenue and 109th street from the railway on Manhattan avenue to the railway on Columbus avenue, both of which roads were operated by the defendant. The complaint alleged that on or about March 19, 1898, the defendant leased the railway belonging to the Second Avenue Railroad Company; that on or about the 27th day of September, 1898, the defendant owned, or leased and operated, the street surface railroad known as the "Manhattan Avenue Branch," from 116th street and Manhattan avenue to 109th street and Columbus avenue, and that said road crossed the line of the Second Avenue Railroad at 116th street and Second avenue; that

on the day mentioned (September 27, 1898) the defendant owned, or leased and operated, a street surface railroad known as the "Columbus Avenue Branch," from the corner of 50th street and Seventh avenue to the intersection of 110th street and Columbus avenue, and that it intersected the route or line of the Manhattan Avenue Branch at 109th street and Columbus avenue, and ran from said point north and south over and along Columbus avenue; that on or about the 27th day of September, 1898, the defendant received this plaintiff into one of its cars on the Second Avenue Line at 83d street, and, after paying his fare, he rode on the car to 116th street and Second avenue, where he was transferred to a car of the Manhattan Avenue Branch, and rode thereon to Columbus avenue and 109th street; that at that point plaintiff demanded that he be transferred to a car of the Columbus Avenue Branch going south, and the defendant refused to so transfer him without the payment of an additional fare. The plaintiff further alleges, and by the demurrer it is admitted, that the defendant was organized under the railroad law of this state, and thereby became subject to its provisions. The sections of that law here applicable are sections 78 and 104 thereof, the former of which (section 78) authorizes any railroad corporation owning or operating a railroad or railroad route within this state to contract with any other such corporation for the use of their respective roads or routes, or any part thereof, and to thereafter use the same in such manner, and for such time, as may be prescribed in such contract, and such contracts may be in the form of a lease or for joint operation over the respective roads. Section 104 is as follows:

"Every such corporation entering into such contract shall carry or permit any other party thereto to carry between any two points on the railroads or portions thereof embraced in such contract any passenger desiring to make one continuous trip between such points for one single fare, not higher than the fare lawfully chargeable by either of such corporations for an adult passenger. Every such corporation shall upon demand, and without extra charge, give to each passenger paying one single fare a transfer, entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract, to the end that the public convenience may be promoted by the operation of the railroads embraced in such contract substantially as a single railroad with a single rate of fare. For every refusal to comply with the requirements of this section the corporation so refusing shall forfeit fifty dollars to the aggrieved party. The provision of this section shall only apply to railroads wholly within the limits of any one incorporated city or village."

It will be noticed that the complaint does not allege that the defendant leased, owned, or operated the Columbus Avenue road on March 19, 1898; nor is there aught alleged from which that can be inferred or implied; and, if such fact is necessary to the statement of a good cause of action, then the complaint in that respect is defective. In the absence of an allegation that the defendant owned or leased or operated the Columbus Avenue road on March 19, 1898, and assuming, as we must, under the pleading, that it was subsequently acquired, the question presented is whether, under and pursuant to section 104 of the railroad law, a passenger on the Second Avenue road, who was transferred over the 116th street route, is entitled to be retransferred over the Columbus Avenue

route. The section reads: "Every such corporation entering into such contract [for a lease or for a joint operation of their respective roads] shall carry * * * between any two points on the railroads or portions thereof embraced in such contract any passenger desiring to make one continuous trip between such points for one single fare." As correctly urged by the appellant, a railroad cannot be said to be embraced in a contract unless it was owned or operated by one of the contracting parties at the date of the execution of the contract. But if a corporation, having leased one road, subsequently leases another, the road subsequently leased is not embraced in the first contract.

The right of one road to enter into a contract for a lease and joint operation of another road is one given by statute, and is subject to the conditions under which such right is conferred. One of these conditions is that the road operating another road by lease shall carry passengers, who may have taken passage on the leased road, over the lines owned, controlled, or operated by the road to whom the lease is made at the date when it acquired by contract the leased road. In other words, the right of a passenger to a continuous trip for a single fare extends, not alone to the routes or lines of the leased road, but also to such routes which, at the time of the lease, were owned, controlled, or operated by the corporation to whom the lease was made. The language of the section (section 104) is, "entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract." These words necessarily exclude roads subsequently built or acquired, for they cannot be said to be "embraced in such contract" when they are not then in existence.

It follows that roads owned, leased, or operated by the defendant on September 27, 1898, were not "embraced" in the contract by which defendant acquired by lease the Second Avenue road, unless they were owned, leased, or operated by the defendant at the date of that lease, namely, on March 19, 1898. The fact that the Columbus Avenue Branch was embraced in that lease is not alleged in the complaint, nor does it appear by fair inference or implication; and the complaint is therefore defective in not stating a cause of action, and the demurrer thereto was well taken.

Judgment, accordingly, should be reversed, with costs to appellant, and the demurrer sustained, with costs, but with leave to the plaintiff to amend his complaint on payment of costs in this court and in the court below. All concur.